IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KIMA ALI McGAUGHY,

       Plaintiff,

vs.                                    No. 05-2670-B/V

CITY OF MEMPHIS, et al.,

       Defendants.

---

ORDER ASSESSING $250 FILING FEE
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

Plaintiff Kima Ali McGaughy, booking number 04991707, who was, at the time he commenced this action, a pretrial detainee at the Shelby County Criminal Justice Complex[1] in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on September 12, 2005.[2] The Clerk shall record the defendants as the City of Memphis, Officer J. James (# 10597), Officer Dabney (# 1969), and Officer D. Wilkes (# 1837).

---

[1]    The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2]    Since the commencement of this action, the plaintiff's outstanding criminal charges were apparently resolved, as he notified the Court that he is now an inmate at the Shelby County Correctional Center ("SCCC"), where his RNI number is 176736.

I.   <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[3] The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds

---

[3]   Because this action was commenced prior to April 9, 2006, the new $350 civil filing fee is inapplicable.

and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

3

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCCC to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II.   Issuance of Process

It is ORDERED that the Clerk shall issue process for the defendants and deliver said process to the marshal for service. Service shall be made on the individual defendants pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective.  Service shall be made on the City of Memphis pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(8) & (10). All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these

requirements, or any other order of the Court, may result in this
case being dismissed without further notice.

IT IS SO ORDERED this 13th day of June, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE